116 F.3d 480
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dallas Ray DELAY, Appellant,
v.
James H. CROSBY; John Sydow; Stewart Epps; J. Dale Riley;
Dora Schriro; David Webster; David D. White;
George Lombardi; Joseph Driskill, Appellees.
 No. 96-3370.
 United States Court of Appeals, Eighth Circuit.
 Submitted March 24, 1997.
Filed June 10, 1997.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before HANSEN, BRIGHT and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dallas Ray Delay, an inmate at the Jefferson City, Missouri Correctional Center, brought this action for violation of his civil rights under 42 U.S.C. § 1983. Delay complains about the handling of his blood pressure medications by prison personnel, physicians at the prison and others. The district court adopted the magistrate judge's recommendation and granted summary judgment dismissing of the action against all defendants. We affirm.
 
 
 2
 Delay's medical treatment is detailed on affidavits provided by the physicians who treated him. After reviewing these records and others, the magistrate judge stated:
 
 
 3
 [T]he records indicate plaintiff was seen by medical personnel, had his blood pressure monitored, and received medication for his high blood pressure. Although there may have been delays in treatment or receipt of medication during portions of the relevant times, plaintiff has not come forward with evidence showing the named defendants deliberately withheld his medication or denied him treatment, or knew of an escalating or emergency medical condition and failed to take steps to correct it. The records do not show that most of the remaining named defendants were medically trained or had any involvement in the provision of medical care to plaintiff or other inmates. Plaintiff has also not come forward with verifying medical evidence that he was adversely affected by any delays in treatment or medication.
 
 
 4
 Report, Recommendation and Order, July 17, 1996, Appellees' Add. at A5.
 
 
 5
 In this appeal, Delay raises two technical issues. First, he asserts he received an insufficient opportunity to conduct discovery. Second, Delay argues that appellee Crosby never properly appeared in this action.
 
 
 6
 On review of the record, these assertions by Delay lack merit and the district court's rulings regarding these issues were within the court's discretion. See 8th Cir. R. 47B.
 
 
 7
 Affirmed.